Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Randolph Scott;<br><br>      Plaintiff,<br><br>v.<br><br>Equifax Information Services LLC; GE Capital Retail Bank; HSBC Bank Nevada, N.A., d.b.a. Household Credit Services; Capital One Bank (USA), N.A.; Target National Bank; Medical Society Business Services, Inc., d.b.a. Bureau of Medical Economics;<br><br>      Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

## I.  Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*.  Plaintiff seeks to recover statutory damages, actual damages, punitive damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## III. PARTIES

3. Plaintiff resides in Maricopa County, Arizona.
4. Plaintiff is a "consumer" as defined by FCRA § 1681a(c).
5. Defendant Equifax Information Services LLC is a Geogia limited liability company conducting business within the state of Arizona.
6. Equifax is a "person" as that term is defined by FCRA § 1681a(b).
7. Equifax is a "consumer reporting agency" as that term is defined by FCRA § 1681a(f).
8. Defendant GE Capital Retail Bank is a National Savings Association regulated by the Office of the Comptroller of Currency, and conducts business within the state or Arizona ("GE").
9. GE is a "person" as that term is defined by FCRA § 1681a(b).
10. GE is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), who furnishes information to one or more consumer reporting agency about consumer transactions or experiences with any consumer.
11. Defendant HSBC Nevada, National Association, doing business as Household Credit Services, is a federally charted bank, conducting business within the state or Arizona ("HSBC").
12. HSBC is a "person" as that term is defined by FCRA § 1681a(b).

13. HSBC is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), who furnishes information to one or more consumer reporting agency about consumer transactions or experiences with any consumer.

14. Defendant Capital One Bank (USA), National Association, is a federally charted bank, conducting business within the state or Arizona ("Capital One").

15. Capital One is a "person" as that term is defined by FCRA § 1681a(b).

16. Capital One is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), who furnishes information to one or more consumer reporting agency about consumer transactions or experiences with any consumer.

17. Defendant Target National Bank is a federally charted bank, conducting business within the state or Arizona ("Target").

18. Target is a "person" as that term is defined by FCRA § 1681a(b).

19. Target is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), who furnishes information to one or more consumer reporting agency about consumer transactions or experiences with any consumer.

20. Defendant Medical Society Business Services, Inc., doing business as Bureau of Medical Economics, is licensed as a collection agency by the Arizona Department of Financial Institutions and is doing business within the state of Arizona. ("BME").

21. BME is a "person" as that term is defined by FCRA § 1681a(b).

22. BME is a furnisher of information as contemplated by FCRA § 1681s-

2(a) & (b), who furnishes information to one or more consumer reporting agency about consumer transactions or experiences with any consumer.

### IV.  Factual Allegations

23. Plaintiff, with his wife, Kimberly Scott, filed Chapter 13 bankruptcy on October 4, 2004.

24. On July 22, 2009, Plaintiff converted the Chapter 13 case to a Chapter 7 case.

25. Upon conversion, Plaintiff listed additional creditors whose debts were incurred prior to converting to Chapter 7.

26. Included in the list of new creditors were GE, HSBC, Target through its agency IC Systems, Inc, and BME. Capital One was previously listed as a creditor and notified of the bankruptcy.

27. The bankruptcy court issued its order discharging these debts on November 2, 2009.

28. Over two years later, in April 2012, Plaintiff tried to get pre-qualified for a home mortgage, but was denied.

29. At that time, Plaintiff learned that there were numerous accounts reflecting on his credit reports post bankruptcy derogatory information.

30. Upon review of his Equifax credit report, Plaintiff identified nine accounts which were being inaccurately reported.

31. On April 24, 2012, Plaintiff sent a letter to Equifax disputing these nine accounts, including GE, HSBC (2 accounts), Target, and BME, as each of the accounts had been included and discharged through

Plaintiff's Chapter 7 bankruptcy.

32. Upon receipt of Plaintiff's dispute letter, Equifax contacted each of the listed creditors concerning Plaintiff's disputes, including GE, HSBC, Capital One, Target, and BME.

33. Upon information and belief, each of the creditors, except Healthcare Collections LLC, responded back to Equifax verifying that the information they were reporting was accurate.

34. On May 28, 2012, Equifax responded to Plaintiff's disputes with the results of its reinvestigation.

35. In its response, Equifax notified Plaintiff that GE had "verified to [Equifax] that the current status is being reported correctly."

36. A review of the results shows that GE was continuing to report the account as a "Charge Off," from November 2009 through February 2010.

37. In its response, Equifax notified Plaintiff that HSBC, account number 5268350001091078, had "verified to [Equifax] that the current status is being reported correctly."

38. A review of the results shows that HSBC was continuing to report the account as a "Charge Off," with a balance owing of $563 as of May 2012.

39. The results also show that Capital One was now listed as the company in which to address any additional questions above the verification of this account.

40. Upon information and belief, HSBC sold or transferred HSBC account, identified by account number 5268350001091078, to

1 | Capital One.
2 | 41. In its response, Equifax notified Plaintiff that Target had "verified to [Equifax] that the current status is being reported correctly."
4 | 42. A review of the results shows that Target was continuing to report the account as a "Charge Off" from October 2009 through March 2012, with a balance owing of $409 as of May 2012.
7 | 43. In its response, Equifax notified Plaintiff that BME had "verified to [Equifax] that the current status is being reported correctly."
9 | 44. A review of the results shows that BME was continuing to report the account as an unpaid collection account, with a balance owing of $88 as of May 2012.
12 | 45. Other disputes were sent to Equifax on behalf of Plaintiff disputing the accuracy of these accounts, including GE, HSBC, Capital One, Target, and BME.
15 | 46. On June 1, 2012, Plaintiff obtained a copy of his Equifax credit report.
17 | 47. The June 1, 2012 report reflected that Equifax was continuing to report the GE account as a "Charge Off."
19 | 48. The June 1, 2012 report reflected that Equifax was continuing to report the HSBC account as a "Charge Off," with a balance owing of $563.
22 | 49. The June 1, 2012 report reflected that Equifax was continuing to report the Target account as a "Charge Off," with a balance owing of $409.
25 | 50. The June 1, 2012 report reflected that Equifax was continuing to

report the BME account as an open collection account with a balance owing of $88.

51. Defendants have continued to report inaccurate, derogatory and improper information, and have failed to retract, delete, and / or suppress inaccurate, derogatory and improper information about the Plaintiff, as described more fully herein.

52. As a result and proximate cause of Defendants' actions, Plaintiff has suffered actual damages, including, but not limited to, loss of credit opportunities, denial of credit, embarrassment, humiliation, and emotional distress.

## V.  Causes of Action

### a.  Fair Credit Reporting Act

53. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

54. Equifax has failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA, which it compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluation.

55. Equifax has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about Plaintiff which was inaccurate, false, erroneous and misleading despite notice from Plaintiff that such information was inaccurate.

56. Equifax has willfully, or alternatively, negligently, violated FCRA § 1681e(b), on multiple occasions.
57. Equifax has failed to conduct reasonable investigations of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681i.
58. Equifax has willfully, or alternatively, negligently, violated FCRA § 1681i.
59. GE has failed to conduct a reasonable investigation of Plaintiff's multiple disputes received from Equifax concerning its reporting the underlying account, and has otherwise failed to comport with FCRA § 1681s-2(b).
60. As a result of GE's actions, Plaintiff has been damaged.
61. HSBC has failed to conduct a reasonable investigation of Plaintiff's multiple disputes received from Equifax concerning its reporting the underlying account, and has otherwise failed to comport with FCRA § 1681s-2(b).
62. As a result of HSBC's actions, Plaintiff has been damaged.
63. Capital One has failed to conduct a reasonable investigation of Plaintiff's multiple disputes received from Equifax concerning its reporting the underlying account, and has otherwise failed to comport with FCRA § 1681s-2(b).
64. As a result of Capital One's actions, Plaintiff has been damaged.
65. Target has failed to conduct a reasonable investigation of Plaintiff's multiple disputes received from Equifax concerning its reporting the underlying account, and has otherwise failed to comport with FCRA § 1681s-2(b).

66. As a result of Target's actions, Plaintiff has been damaged.
67. BME has failed to conduct a reasonable investigation of Plaintiff's multiple disputes received from Equifax concerning its reporting the underlying account, and has otherwise failed to comport with FCRA § 1681s-2(b).
68. As a result of BME's actions, Plaintiff has been damaged.
69. As a direct result and proximate cause of Defendants' continued reporting of erroneous and adverse information on Plaintiff's credit report, Plaintiff has suffered and continues to suffer damages including, but not limited to, humiliation, embarrassment, anxiety, credit denial, and / or loss of opportunity.
70. As a result of Defendants' negligent failure to comply with the FCRA, Defendants are each liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure, and (2) the costs of this action together with reasonable attorneys' fees.
71. As a result of Defendants' willful failure to comply with the FCRA, Defendants are liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of the failure, or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (2) such amount of punitive damages as the court may allow; and (3) the costs of this action together with reasonable attorneys' fees.

### VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a) Actual damages under the FCRA, or in the alternative, statutory damages of $1,000 per violation pursuant to FCRA § 1681n;

b) Punitive damages pursuant to FCRA § 1681n;

c) Costs and reasonable attorney's fees pursuant to FCRA §§ 1681n and/or *o*; and

d) Such other relief as may be just and proper.

DATED   June 22, 2012   .

s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff